# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2015

Lyle W. Cayce
Clerk

No. 13-20675
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REGINALD MOSLEY, also known as Reggo,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-679-6

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Reginald Mosley challenges his guilty-plea convictions for: conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; three counts of bank robbery, in violation of 18 U.S.C. § 2113(a); and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). He was sentenced, *inter alia*, to 525 months' imprisonment, including a consecutive 120-month sentence for his § 924(c) conviction.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-20675

Mosley claims the district court violated Federal Rule of Criminal Procedure 11 by failing to inform him that this 120-month sentence must be imposed consecutively. *See* 18 U.S.C. § 924(c)(1)(D)(ii). Because Mosley did not raise this issue in district court, review is only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Under that standard, Mosely must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish that his substantial rights have been affected, he "must show a reasonable probability that, but for the error, he would not have entered the plea". *United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Puckett*, 556 U.S. at 135.

Pretermitting whether the court committed clear or obvious error by not informing Mosley the sentence must be imposed consecutively, Mosley has not shown his substantial rights were affected by demonstrating that, but for the failure to inform him that this sentence must be served consecutively, he would not have pleaded guilty. *E.g., Dominguez Benitez,* 542 U.S. at 83. The record shows Mosley was advised the sentence for this count must be served consecutively, such as his written plea agreement and warnings by the magistrate judge during two earlier court appearances. In addition, Mosley did not object to the post-plea presentence investigation report's statement that this sentence must be imposed consecutively, or object on this basis at sentencing. *E.g., United States v. Alvarado-Casas,* 715 F.3d 945, 954–55 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 950 (2014).

AFFIRMED.